Nicholas J. Ferraro (State Bar No. 306528)
Lauren N. Vega (State Bar No. 306525)
Ferraro Vega Employment Lawyers, Inc.
3160 Camino del Rio South, Suite 308
San Diego, California 92108
(619) 693-7727 main / (619) 350-6855 facsimile
lauren@ferrarovega.com / nick@ferrarovega.com

Rick Waltman (State Bar No. 306463)
Rick Waltman Law, APC
501 West Broadway, Suite 800
San Diego, California 92101
(619) 320-5666
rick@rickwaltmanlaw.com

Attorneys for Plaintiff Daniel Perez

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PEREZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GEO GROUP, INC. D/B/A GEO GROUP CALIFORNIA, INC.; GEO SECURE SERVICES, LLC; GEO CORRECTIONS AND DETENTIONS, LLC; GEO CORRECTIONS HOLDINGS, INC.<br><br>Defendants. | Case No. **'21CV1846 BAS BLM**<br><br>**CLASS ACTION**<br><br>**Class and Collective Action Complaint**<br><br>1. Failure to Pay All Overtime Wages Owed (FLSA, 29 U.S.C. §§ 201 *et seq.*)<br><br>2. Failure to Pay All Overtime Wages Owed (Labor Code §§ 510, 1194, and 1198)<br><br>3. Failure to Pay All Labor Code § 226.7 Premiums Owed (Labor Code § 226.7)<br><br>4. Failure to Timely Pay All Wages During Employment (Labor Code §§ 204, 204b, and 210)<br><br>5. Failure to Timely Pay All Wages Owed at Separation of Employment (Labor Code §§ 201 through 203)<br><br>6. Failure to Provide Accurate Itemized Wage Statements (Labor Code §§ 226(a) and (b))<br><br>7. Violation of the Unfair Competition Law (Bus. & Prof. Code §§ 17200 *et seq.*) |

---

Plaintiff DANIEL PEREZ ("Plaintiff"), individually and on behalf of all others similarly situated, complains, and alleges as follows:

## INTRODUCTION

1.     This is a class and collective action against THE GEO GROUP, INC. which does business in California as GEO GROUP CALIFORNIA, INC.; GEO SECURE SERVICES, LLC; GEO CORRECTIONS AND DETENTIONS, LLC; and GEO CORRECTIONS HOLDINGS, INC. (collectively, "GEO") for wage and hour claims premised upon GEO's failure to include cash-in-lieu of benefits payments in the "regular rate of pay" used to lawfully calculate and pay certain wages and premiums to employees under state and federal employment laws.

2.     As a result of this practice, GEO has underpaid overtime wages and meal and rest period premiums to "California Class Members" and overtime wages the "FLSA Collective", which are defined as follows:

    a.   All current and former non-exempt hourly employees of GEO [1] who worked in the State of California at any time during the four years preceding the filing of this action through the present date, and [2] who were paid overtime wages and/or Labor Code § 226.7 premiums in the same pay period in which they were also paid cash-in-lieu of benefits (including but not limited to "HEALTH & WEL" payments) (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

    b.   All current and former non-exempt hourly employees of GEO [1] who worked in the United States of America at any time during the three years preceding the filing of this action through the present date, and [2] who were paid overtime wages in the same pay period in which they were also paid cash-in-lieu of benefits (including but not limited to "HEALTH & WEL"

payments) (hereinafter, the "<u>FLSA Collective</u>" and the "<u>FLSA Period</u>").

3.      The California Class Members and the FLSA Collective shall be hereinafter referred to together as the "<u>Class Members</u>."  The California Class Period and FLSA Period shall be hereinafter referred to together as the "<u>Statutory Periods</u>."

4.      During the respective Statutory Periods, GEO had a consistent payroll administration policy and practice whereby GEO did not include cash-in-lieu of benefits (including but not limited to "HEALTH & WEL" payments) in the regular rate of pay used to calculate and pay overtime wages to the FLSA Collective, and in the regular rate of pay used to calculate and pay overtime wages and meal and rest period premiums to the California Class Members.

5.      GEO's failure to include these forms of non-excludable remuneration in the regular rate of pay for purposes of overtime pay and meal and rest period premiums was unlawful and resulted in underpayments of overtime wages to the FLSA Collective, and underpayments of overtime wages and Labor Code § 226.7 premiums to the California Class Members.

6.      GEO is thus liable for the unpaid meal and rest period premiums and overtime wages, liquidated damages, statutory penalties, prejudgment interest, post judgment interest, reasonable attorneys' fees, and costs of suit.

## <u>JURISDICTION AND VENUE</u>

7.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act ("<u>FLSA</u>"), 29 U.S.C. §§ 201, *et seq.*, along with jurisdiction under 29 U.S.C. § 216(b) (FLSA actions "may be maintained against any employer … in any Federal or State court of competent jurisdiction").

8.      This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because the state law wage and hour claims are

related with the federal wage and hour claims and form part of the same case or controversy under Article III of the United States Constitution.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because GEO is a resident of California, and because a substantial part of the events giving rise to the claims arose in this district, as Plaintiff brings claims on behalf of a California Class of current and former California employees who worked throughout California, including at GEO's Western Regional Detention Facility located at 220 West C Street, San Diego, California 92101.

**PARTIES**

**A. The Plaintiff Daniel Perez**

10. Plaintiff DANIEL PEREZ is over the age of 18 and a California citizen.

11. Plaintiff was employed by GEO as a Correctional Officer from 1998 through December 2020.

12. Plaintiff worked for GEO in San Diego County as an hourly, non-exempt employee during the Statutory Periods.

13. Plaintiff was entitled to receive overtime pay for overtime hours worked under the California Labor Code and the Fair Labor Standards Act during the Statutory Periods.

14. GEO paid various forms of remuneration to Plaintiff during the Statutory Periods, including cash in lieu of benefits, overtime, and premiums under Labor Code § 226.7.

15. GEO discharged its obligation to furnish fringe benefits to Plaintiff by paying wages in lieu of those benefit to; those wages are Plaintiff marked on Plaintiff's wage statements as "HEALTH & WEL."

16. A written consent form for Plaintiff DANIEL PEREZ is attached hereto as **Exhibit 1**.

Class and Collective Action Complaint
*Daniel Perez v. The GEO Group et al.*

**B.     The GEO Group Defendants**

17.     Throughout the Statutory Periods, each of the named GEO defendants was an employer—under the FLSA, 29 U.S.C. § 203(d), and the California Labor Code—of Plaintiff and Class Members.

18.     Defendant THE GEO GROUP, INC. which does business in California as GEO GROUP CALIFORNIA, INC. is a Florida corporation registered with the California Secretary of State that does business throughout California, including San Diego County.

19.     Defendant GEO SECURE SERVICES, LLC is a Florida limited liability company registered with the California Secretary of State that does business throughout California, including San Diego County.

20.     Defendant GEO CORRECTIONS AND DETENTIONS, LLC is a Florida limited liability company that, during the Statutory Periods, conducted business throughout California, including San Diego County.

21.     Defendant GEO CORRECTIONS HOLDINGS, INC. is a Florida corporation that is registered with the California Secretary of State and does business throughout California, including San Diego County.

22.     Plaintiff is informed, believes, and alleges, during the Statutory Periods, GEO employed and employs other Class Members throughout the United States, including (without limitation) Washington State, California, Arizona, New Mexico, Colorado, Oklahoma, Texas, Louisiana, Georgia, Florida, North Carolina, Virginia, Pennsylvania, New York, Illinois, Michigan, and Indiana.

23.     Plaintiff is informed, believes, and alleges, during the Statutory Periods, all defendants in this action have been employers and/or joint employers, as each defendant exercised control over the wages, hours, and working conditions of Plaintiff and the Class Members, suffered and permitted them to work, and engaged the workforce creating an employment relationship.

24.     Additionally, the GEO defendants and part of an integrated employer enterprise, as they maintain have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein.

25.     Plaintiff is informed, believes, and alleges, during the Statutory Periods, each GEO defendant acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of other co-defendants, such that the acts and omissions of each defendant are legally attributable to all others.

## **GENERAL ALLEGATIONS**

26.     GEO has employed Class Members at its locations nationwide.

27.     GEO paid cash in lieu of benefits payments to Plaintiff and other Class Members during the Statutory Periods.

28.     Some of these cash in lieu of benefits payments are designated as line items on wage statements for Class Members, including Plaintiff, with the label "HEALTH & WEL."

29.     "HEALTH & WEL" is an abbreviation of health and welfare.

30.     An example of the "HEALTH & WEL" payments appears on Plaintiff's wage statement for the pay period of 11/15/2020 to 11/28/2020.

31.     GEO paid these health and welfare payments to Plaintiff and Class Members to discharge its obligation to furnish fringe benefits to Plaintiff under the Service Contract Act.

32.     Instead of furnishing the fringe benefits to Plaintiff and other Class Members, GEO instead elected to furnish the cash equivalent, which is calculated by multiplying certain hours worked by the hourly rate for such "HEALTH & WEL" payments (e.g., 80 Hours * $4.2200 Rate = $337.60).

33.    GEO was required to include cash in lieu of benefits such as "HEALTH & WEL" payments in the regular rate of pay for purposes of calculating and paying overtime to Plaintiff and Class Members during the Statutory Periods. *See, e.g., Flores v. City of San Gabriel*, 824 F. 3d 890, 901 (9th Cir. 2016) (affirming "cash-in-lieu of benefits payments are not properly excluded" from the regular rate of pay); *Bonner v. Metropolitan Security Services, Inc.*, 2011 U.S. Dist. LEXIS 26251, Case No. SA-10-CV-937-XR (W.D. Tex., Mar. 15, 2011).

34.    GEO was required to include cash in lieu of benefits such as "HEALTH & WEL" payments in the regular rate of compensation for purposes of calculating and paying meal and rest period premiums to Plaintiff and California Class Members during the California Class Period.  *Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 862 (2021).

35.    GEO did not include cash in lieu of benefits such as "HEALTH & WEL" payments in the "regular rate of pay" for purposes of calculating and paying overtime wages to Plaintiff or Class Members during the Statutory Periods.

36.    GEO did not include cash in lieu of benefits such as "HEALTH & WEL" payments in the "regular rate of compensation" for purposes of calculating and paying meal or rest period premiums to Plaintiff or California Class Members during the California Class Period.

37.    GEO excluded from these amounts the regular rate calculation without a legal basis, in violation of California and federal wage and hour laws.

38.    The cash payments were paid directly by GEO to Plaintiff and not by a third party or trustee and are not excluded from the regular rate of pay calculation under California or federal law.  *See Bonner v. Metropolitan Security Services, Inc.* (W.D. Tex. Mar. 15, 2011) Case No. SA-10-CV-937-XR (holding that cash health and welfare payments made directly by an employer to an employee under a contract governed by the Service Contract Act are not excludable from the "regular rate of pay").

39.     Plaintiff is informed, believes, and alleges the FLSA Collective and California Class Members received the same or similar cash health and welfare payments (which may bear the same or different description on each employee's wage statement) during the respective Statutory Periods.

40.     Plaintiff is informed, believes, and alleges the FLSA Collective and California Class Members can be readily identified by records that GEO is required to maintain in connection with their state and federal legal recordkeeping obligations.

41.     In pay periods when Plaintiff earned overtime or Labor Code § 226.7 premiums, GEO calculated and paid Plaintiff and Class Members based only on their respective straight time base hourly rates, not their respective regular rate of pay, which includes the "HEALTH & WEL" payments, cash payments, cash in-lieu of benefits payments, shift differentials, bonuses, among other sums.

42.     GEO underpaid overtime to Plaintiff, the FLSA Collective, and California Class Members by not including all required forms of non-excludable remuneration in the regular rate of pay during the respective Statutory Periods.

43.     By way of example, on Plaintiff's 11/15/2020 to 11/28/2020 wage statement from ADP, Plaintiff was paid overtime at a rate of $51.69, a one and one-half time multiple of Plaintiff's *straight time* hourly rate of $34.46, which Plaintiff was paid for regular hours (i.e., $34.46 x. 1.50 = $51.96).

44.     However, GEO excluded the "HEALTH & WEL" remuneration on this wage statement from the regular rate calculation, which would have increased Plaintiff's overtime rate above a simple straight time 1.5x multiple of the base rate.

45.     GEO engaged in this policy and practice with respect to other California Class Members and the FLSA Collective, resulting in overtime underpayments.

46.     Additionally, GEO underpaid premiums due under Labor Code § 226.7 to Plaintiff and California Class Members by not including all required

Class and Collective Action Complaint
*Daniel Perez v. The GEO Group et al.*

forms of non-excludable remuneration in the regular rate of compensation during the respective Statutory Periods.  *See, e.g., Ferra v. Loews Hollywood Hotel, LLC*, 11 Cal. 5th 858, 862 (2021) ("We hold that the terms are synonymous: "regular rate of compensation" under section 226.7(c), like "regular rate of pay" under section 510(a), encompasses all nondiscretionary payments, not just hourly wages").

47.   By way of example, on Plaintiff's 11/15/2020 to 11/28/2020 wage statement from ADP, Plaintiff was paid a "CA MEAL PENA," an abbreviation for California Meal Period Penalty, for one hour at a rate of $34.46, which was a simple *straight time* hourly rate.

48.   GEO excluded the "HEALTH & WEL" remuneration on this wage statement from the regular rate calculation, which would have increased Plaintiff's premium pay above a simple straight time hourly rate of $34.46.

49.   GEO engaged in this policy and practice with respect to other California Class Members, resulting in premium underpayments.

50.   As a result of the foregoing regular rate violations, GEO failed to pay all overtime wages and premiums in each pay period in which they were earned by Plaintiff and California Class Members.  GEO has thus violated Labor Code § 204 and/or 204b (for any weekly employees), which requires timely payment of all wages each regularly scheduled pay period.  As a result, GEO is liable for the statutory penalties set forth in Labor Code § 210.

51.   As a further result of the foregoing regular rate violations, GEO failed to pay all overtime wages and Labor Code § 226.7 premiums due to Plaintiff and California Class Members upon separation of employment, or within 72 hours thereof.  GEO has thus violated Labor Code § 201, which requires that if an employer fires an employee all wages must be paid immediately; and, Labor Code § 202, which requires that if an employee quits without providing at least 72 hours' notice,  his or her final wages must be paid no later than 72 hours thereafter; or, if at least 72 hours' notice is provided, then the employer must pay the wages

immediately upon the employee's final day of employment.  GEO has thus violated Labor Code §§ 201 and 202 because it failed to pay all overtime wages and premium pay during the Statutory Periods at the "regular rate" resulting in underpayments.  As a result, GEO is liable for waiting time penalties set forth in Labor Code § 203.

52.   Furthermore, GEO issued wage statements to Plaintiff and, on information and belief, other California Class Members, which contain at least three distinct types of violations.

53.   First, on each wage statement furnished to Plaintiff and, on information and belief, the California Class Members, GEO failed to accurately state "gross wages earned" and "net wages earned" in violation of Labor Code § 226(a)(1), and (5), as Plaintiff and California Class Members earned overtime at the regular rate of pay, but were instead paid based on a straight time multiple, resulting in an inaccurate itemization of "gross wages" and "net wages" on those wage statements.

54.   Second, on each wage statement furnished to Plaintiff and, on information and belief, the California Class Members, GEO failed to accurately state "all applicable hourly rates in effect during the pay period" in violation of Labor Code § 226(a)(9), as Plaintiff and California Class Members earned overtime at the regular rate of pay, but were instead paid based on a straight time multiple, resulting in an inaccurate itemization of the "applicable hourly rates in effect during the pay period" on those wage statements.

55.   These wage statement defects are the result of GEO's failure to pay overtime at the "regular rate of pay," thus rendering the wage statement total amounts inaccurate.

56.   Third, GEO failed to pay Labor Code § 226.7 premiums at the lawful regular rate of compensation, rendering the wage statements an inaccurate reflection of the gross and net wages earned, and applicable hourly rates in effect

with respect to Plaintiff and the California Class Members, in further violation of Labor Code § 226(a)(1), (5), (9) in each pay period with a Labor Code § 226.7 premium listed.

57.   An example of the foregoing wage statement violations payments appears on Plaintiff's wage statement for the pay period of 11/15/2020 to 11/28/2020.

58.   GEO's wage statement issues described above rendered the wage statements inaccurate and confusing to Plaintiff and California Class Members, concealing the regular rate underpayments and presenting a false portrayal of accuracy on the wage statements relied upon by Plaintiff and California Class Members as the sole documentary evidence of their respective earnings.

59.   Plaintiff and California Class Members suffered injury in the form of confusion regarding amounts paid for hours worked, and in the form of concealment of the common payroll practices causing the violations and underpayment of wages and wage statement deficiencies as addressed in this Complaint.

60.   Indeed, Plaintiff and, on information and belief, California Class Members were misinformed and misled by the wage statements with respect to their overtime rate, and gross and net wages.  As a result of the inaccuracies on the wage statements, Plaintiff and, on information and belief, California Class Members were led to believe that the overtime rates and net and gross wages reflected were a complete and accurate reflection of the wages earned under the law.

61.   GEO's wage statement violations were knowing and intentional as a matter of law with respect to Plaintiff and California Class Members given that the legal obligation was not disputed, the wage statement and overtime laws are clear and unambiguous as written, and because GEO nevertheless failed to comply despite the means and ability to do so.

62.   Plaintiff is informed and believes, and alleges, that GEO knew or should have known that the cash in lieu of benefits payments should have been

included in the regular rate of pay for the Class Members and the regular rate of compensation for the California Class Members.

63.     However, notwithstanding the plain language of the respective statutes, GEO failed to comply, resulting in underpayments of wages and premiums to the Class Members.

## FLSA COLLECTIVE ACTION

64.     Plaintiff brings the First Cause of Action individually and on behalf of all others similarly situated pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages, liquidated damages, and other damages related to GEO's violation of the FLSA.

65.     Plaintiff pursues the requested relief on behalf of the following FLSA Collective:

> a.     All current and former non-exempt hourly employees of GEO [1] who worked in the United States of America at any time during the three years preceding the filing of this action through the present date, and [2] who were paid overtime wages in the same pay period in which they were also paid cash-in-lieu of benefits (including but not limited to "HEALTH & WEL" payments) (hereinafter, the "FLSA Collective" and the "FLSA Period").

66.     Plaintiff is a member of the FLSA Collective he seeks to represent because he worked in the United States of America within the past three years for GEO and he was paid overtime wages in the same pay period in which he was paid cash in lieu of benefits.

67.     Although Plaintiff and the FLSA Collective may have had different job titles, worked in different states or at different locations, and received different hourly rates of pay, this action may be properly maintained as a collective action because Plaintiff and the FLSA Collective were similarly situated as follows:

a.   Plaintiff and the FLSA Collective were all hourly, non-exempt employees.

b.   Plaintiff and the FLSA Collective were subject to GEO's policies, practices, and directives with respect to overtime pay.

c.   Plaintiff and the FLSA Collective were paid overtime wages.

d.   Plaintiff and the FLSA Collective were paid cash-in-lieu of benefits, such as the "HEALTH & WEL" payments.

e.   Regardless of their job title or location, GEO did not pay Plaintiff and the FLSA Collective at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

68.   Plaintiff estimates that the FLSA Collective, including current and former employees during the FLSA Period, will exceed one hundred members, though the precise number of individuals in the FLSA Collective should be readily available from GEO's personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

69.   The First Cause of Action is properly brought and maintained as an opt-in collective action.  29 U.S.C. 216(b).  The FLSA Collective can be provided notice by first class mail and/or email to the last addresses known to their employer.

## CALIFORNIA CLASS ACTION

70.   Plaintiff brings the Second through Seventh Causes of Action individually and on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages, unpaid premiums, penalties, and other damages related to GEO's violation of the California Labor Code and IWC Wage Orders.

71.   Plaintiff pursues the requested relief on behalf of the following California Class:

a.   All current and former non-exempt hourly employees of GEO [1] who worked in the State of California at any time during the

- 12 -

four years preceding the filing of this action through the present date, and [2] who were paid overtime wages and/or Labor Code § 226.7 premiums in the same pay period in which they were also paid cash-in-lieu of benefits (including but not limited to "HEALTH & WEL" payments) (hereinafter, the "California Class Members" or "California Class" and the "California Class Period").

72.    Plaintiff is a member of the California Class he seeks to represent because he worked in the State of California within the past four years (including within the past 12 months) for GEO, and because he was paid overtime wages and wages/premiums under Labor Code § 226.7 in pay periods in which he was also paid cash in lieu of benefits.

73.    Plaintiff estimates that the California Class, including current and former employees during the California Class Period, will exceed one hundred members, though the precise number of individuals in the California should be readily available from GEO's personnel file records and other personnel and pay records they are required to keep and maintain under state and federal laws.

74.    Plaintiff seeks to certify subclasses of the California Class:

a.    All California Class Members whose employment with GEO terminated at any time during the three years preceding the filing of this action through the present date (hereinafter, the "Waiting Time Subclass").

b.    All California Class Members who received a wage statement from GEO at any time during the one-year period preceding the filing of this action through the present date (hereinafter, the "Wage Statement Subclass").

75.    This action has been brought and may be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure because there is a well-

- 13 -

defined common interest of many persons, and it is impractical to bring them all before the Court. Plaintiff reserves the right to modify the California Class description or further divide it into subclasses.

76. **Ascertainability**: The proposed California Class and its subclasses are ascertainable because they can be identified and located using GEO's payroll, employment, and personnel records.

77. **Numerosity**: The potential members of the California Class and its subclasses as defined is so numerous that joinder of all members would be infeasible and impractical. The disposition of their claims through this class action will benefit both the parties and this Court. The number of members of the California Class and subclasses is unknown to Plaintiff but is estimated to be more than 100 individuals. The number and identity of members can be readily ascertained using GEO's records.

78. **Typicality**: Plaintiff's claims are typical of California Class and its subclasses because all sustained similar damages arising out of GEO's common course of conduct in violation of law, particularly with respect to GEO's failure to include all forms of remuneration in the regular rate of pay for purposes of calculating and paying overtime and Labor Code § 226.7 wages.

79. **Adequacy**: Plaintiff is an adequate representative of the California Class, will fairly protect the interests of California Class, has no interests antagonistic to California Class Members. He will vigorously pursue this lawsuit. Plaintiff's attorneys are competent, skilled, and experienced in litigating large wage and hour class actions.

80. **Superiority**: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each California Class Member has been damaged, and is entitled to recovery, because of GEO's unlawful policies. A class action will allow litigation of claims in the most efficient and

economical manner for the parties and judicial system.  Plaintiff is unaware of any likely difficulties in managing this action that precludes a class action.

81.    Although Plaintiff and the California Class Members may have had different job titles, worked in different cities and counties, and received different hourly rates of pay, this action may be properly maintained as a class action because Plaintiff and the California Class were similarly situated:

      a.    Plaintiff and the California Class Members were all hourly, non-exempt employees.

      b.    Plaintiff and the California Class Members were subject to GEO's policies, practices, and directives with respect to overtime pay.

      c.    Plaintiff and the California Class Members were paid overtime wages and/or premium wages under Labor Code § 226.7.

      d.    Plaintiff and the California Class Members were also paid cash-in-lieu of benefits, such as the "HEALTH & WEL" payments.

      e.    Regardless of their job title or location, GEO did not pay Plaintiff and the California Class Members at an overtime rate of at least 1.5x their regular rate of pay for all overtime hours.

      f.    Regardless of their job title or location, GEO did not pay Plaintiff and the California Class Members premium pay under Labor Code § 226.7 at the lawful regular rate of compensation.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Failure to Pay All Overtime Wages Owed [FLSA - 29 U.S.C. §§ 201 *et seq.*]**

**(Plaintiff and the FLSA Collective Against GEO)**

82.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

83.    GEO has been, and continues to be, an "employer" engaged in "interstate commerce" within the meaning of 29 U.S.C. § 203.

84.    GEO has employed, and continues to employ, the FLSA Collective as "employee[s]" within the meaning of the FLSA.

85.    GEO knowingly, willfully, and intentionally, failed to compensate Plaintiff and the FLSA Collective all overtime wages due under the FLSA, as mandated by 29 U.S.C. § 207(a).

86.    GEO employed Plaintiff and the FLSA Collective to work, and they did work, in excess of forty (40) hours per week.

87.    Further, GEO paid Plaintiff and the FLSA Collective cash health and welfare benefits, cash in lieu of benefits, differentials under the SCA, and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA.

88.    GEO failed to pay Plaintiff and the FLSA Collective at one-and-one half times the regular rate of pay, inclusive of the aforementioned forms of remuneration, for hours in excess of forty (40) per week during the FLSA Period.

89.    Plaintiff and the FLSA Collective have been harmed as a direct and proximate result of GEO's unlawful conduct because they have been deprived of overtime wages owed for time worked more than 40 hours per week (i.e., due to the regular rate underpayments).

90.    GEO's violations of the FLSA, as described in this Complaint, have been willful and intentional.  GEO failed to make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and other similarly situated current and former employees, despite the unambiguous language of 29 U.S.C. § 207(a)(1) and the unambiguous eight allowable exclusions set forth in 29 U.S.C. § 207(e)(1) through (8).

91.    Because GEO's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

92.    As a result of the unlawful acts of GEO, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION

**Failure to Pay All Overtime Wages Owed [Labor Code §§ 510, 1194, 1198]**
**(Plaintiff and the California Class Against GEO)**

93.    Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

94.    GEO failed in its affirmative obligation to pay Plaintiff and California Class Members no less than one and one-half times their respective "regular rate of pay" for all hours worked in excess of eight hours in one day, 40 hours in one week, or the first eight hours worked on the seventh day of work in any one workweek, and no less than twice their respective "regular rate of pay" for all hours over 12 hours in one day and any work in excess of eight hours on any seventh day of a workweek in violation of Labor Code sections 510 and 1198 and the IWC Wage Orders (the "Hours and Days of Work" sections of the applicable orders).

95.    GEO failed to pay overtime at the regular rate of pay by failing to calculate it properly through inclusion of cash health and welfare benefits, cash in lieu of benefits, differentials under the SCA, and other forms of remuneration that were not subject to exclusion from the regular rate of pay under the FLSA or under California law.  This resulted in an underpayment of overtime wages in each pay period California Class Members worked overtime and received such non-excepted remuneration during the California Class Period.

96.    GEO's unlawful acts and omissions deprived Plaintiff and the Class of overtime wages in amounts to be determined at trial.  Plaintiff and the Class are entitled to recover to the full amount of the unpaid overtime wages, in addition to

interest, attorneys' fees, and costs to the extent permitted by law, including under Labor Code section 1194.

### THIRD CAUSE OF ACTION

#### Failure to Pay All Labor Code § 226.7 Premiums Owed

#### [Labor Code §§ 226.7]

#### (Plaintiff and the California Class Against GEO)

97.   Plaintiff incorporates all preceding paragraphs of this Complaint.

98.   GEO violated Labor Code §§ 226.7, 512, and 516, 1198 and the IWC Wage Orders (the "Meal Periods" and "Rest Periods" sections of the applicable orders) by failing to pay meal and rest period premiums at the regular rate of compensation to California Class Members during the California Class Period.

99.   On days in which Plaintiff and California Class Members received a meal or rest period premium under Labor Code § 226.7, GEO failed to pay the corresponding meal or rest period premium at one hour their regular rate of compensation.

100.   As a result of this common practice, GEO failed to provide Plaintiff and the California Class Members all Labor Code § 226.7 premiums due at the lawful regular rate of compensation in violation of Labor Code §§ 226.7, 512, and 516, and the IWC Wage Orders.

### FOURTH CAUSE OF ACTION

#### Failure to Timely Pay All Wages Due During Employment

#### [Labor Code §§ 204, 204b, and 210]

#### (Plaintiff and the California Class Members Against GEO)

101.   Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

102.   Labor Code section 204 and/or 204b (for weekly employees) and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders) require timely payment of wages of wages each regular scheduled pay period.

- 18 -

Labor Code section 204 requires payment of "all wages" for non-exempt employees at least twice each calendar month.  Labor Code section 204b applies to employees paid on a weekly basis and also requires the payment for all labor within the required pay periods.  Labor Code section 210 provides that, "every person who fails to pay the wages of an employee as provided in Section … 204 … shall be subject to a civil penalty" of $100 for an initial violation and $200 plus 25% of the amount unlawfully withheld for a subsequent violation.

103.   GEO willfully failed in its affirmative obligation to timely pay all wages and premiums earned by Plaintiff and California Class Members twice during each calendar month on days designated in advance by the employer as regular paydays (for employees paid on a non-weekly basis) and on the regularly-scheduled weekly payday for any weekly employees, in violation of Labor Code sections 204 and 204b and the IWC Wage Orders (the "Minimum Wages" sections of the applicable orders).

104.   As a result of the foregoing violations with respect to regular rate of pay and regular rate of compensation underpayments, GEO did not pay all wages or premiums owed each pay period on the lawful pay day.  As a result, Plaintiff and California Class Members were underpaid and GEO is liable for the statutory penalties under Labor Code § 210.

105.   Plaintiff and the California Class are entitled to recover the full amount of the unpaid wages, in addition to a statutory penalty in the amount of $100 for the initial violation for each failure to pay each employee and $200 for all subsequent violations and for all willful or intentional violations for each failure to pay each employee, plus 25 percent of the amount unlawfully withheld under Labor Code section 210, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

///

///

## FIFTH CAUSE OF ACTION

### Failure to Pay All Wages Owed at Separation of Employment

### [Labor Code §§ 201 through 203]

### (Plaintiff and the Waiting Time Subclass Against GEO)

106.   Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

107.   Labor Code section 201 requires that if an employer fires an employee, the wages must be paid immediately. Labor Code section 202 requires that if an employee quits without providing 72 hours' notice, his or her wages must be paid no later than 72 hours thereafter. Labor Code section 202 states that if an employee provides 72 hours' notice, the final wages are payable upon his or her final day of employment. Labor Code section 203 requires an employer who fails to comply with Labor Code sections 201 or 202 to pay a waiting time penalty for each employee, up to a period of 30 days

108.   GEO willfully failed in its affirmative obligation to pay all wages earned and unpaid to Plaintiff and members of the Waiting Time Subclass immediately upon termination of employment or within 72 hours thereafter for employees who did not provide at least 72 hours prior notice of his or her intention to quit, and further failed to pay those sums for 30 days thereafter in violation of Labor Code sections 201 through 203 and the IWC Wage Orders.

109.   GEO's unlawful acts and omissions deprived Plaintiff and the Waiting Time Subclass of timely wages upon separation of employment in amounts to be determined at trial.  Plaintiff and the Waiting Time Subclass are entitled to recover to the wages of Plaintiff and members of the Waiting Time Subclass as a waiting time penalty for a period of up to 30 days, in addition to interest, attorneys' fees, and costs to the extent permitted by law.

///

///

**SIXTH CAUSE OF ACTION**

**Failure to Provide Accurate Itemized Wage Statements**

**[Labor Code § 226(a) and (b)]**

**(Plaintiff and the Wage Statement Subclass Against GEO)**

110.   Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

111.   Labor Code section 226(a) requires an employer to furnish wage statements to employees semimonthly or at the time of each payment of wages, "an accurate itemized statement in writing showing:" (1) gross wages earned, (2) total hours worked, (3) the number of piece rate units earned and applicable piece rate in effect, (4) all deductions, (5) net wages earned, (6) the inclusive dates of the pay period, (7) the name of the employee and last four digits of SSN or an EIN, (8) the name and address of the legal name of the employer, and (9) all applicable hourly rates in effect during the pay period and the number of hours worked at each hourly rate by the employee.

112.   GEO knowingly and intentionally failed to comply with this provision by, among other things, providing wage statements to Plaintiff and the Wage Statement Subclass, which failed to accurately set forth all gross wages earned, net wages earned, and the accurate applicable hourly rates in effect during the pay period, including premiums.

113.   As described herein, GEO's wage statement violations caused injury to Plaintiff and Wage Statement Subclass in the form of confusion about wages paid and amounts owed, misleading and incorrect rates of pay listed on wage statements (causing Plaintiff and California Class Members to not vindicate their rights or inquire about the miscalculation of wages due to the misrepresentation on the wage statement), among other reasons.

114.   Based on GEO's knowing and intentional failure to provide accurate itemized wage statements, Wage Statement Subclass members are entitled to

penalties not to exceed $4,000 for each employee together with interest and attorneys' fees and costs.

### SEVENTH CAUSE OF ACTION

### Violations of the Unfair Competition Law

### [Business and Professions Code §§ 17200 *et seq.*]

### (Plaintiff and the California Class Members against GEO)

115. Plaintiff incorporates all outside paragraphs of this Complaint as if set forth herein.

116. GEO willfully failed in their affirmative obligation to timely pay each payday or at other required intervals all overtime wages and meal and rest period premium wages to Plaintiff and the California Class Members. These failures constitute unlawful, deceptive, and unfair business acts and practices in violation of Business and Professions Code section 17200, *et seq.*

117. Because Plaintiff is a victim of GEO's unfair and unlawful conduct, as alleged throughout this Complaint, Plaintiff, as an individual and on behalf of the Class seeks restitution of all monies and property withheld, acquired, or converted by GEO in violation of the Labor Code and IWC Wage Orders under Business and Professions Code section 17202, 17203, 17204 and 17208.

118. GEO's unlawful acts and omissions deprived Plaintiff and California Class Members of monies and property in amounts to be determined at trial. Plaintiff and the California Class are entitled to injunctive relief against GEO, restitution, and other equitable relief to return all funds over which Plaintiff and the California Class have an ownership interest and to prevent future damage under Business and Professions Code section 17200, *et seq.* in addition to interest, attorneys' fees, and costs to the extent permitted by law, including under Code of Civil Procedure section 1021.5.

119. This cause of action is brought as a cumulative remedy and is intended as an alternative remedy for restitution for Plaintiff, and each California Class

- 22 -

Member, for the four (4) year period before the filing of this Complaint, and as the primary remedy during the fourth year before the filing of this Complaint, pursuant to Business and Professions Code § 17205.

## **PRAYER FOR RELIEF**

Plaintiff prays for an order and judgment as follows:

A.    Designating the named plaintiff DANIEL PEREZ as class representative of the California Class and designating Plaintiff's counsel of record as Class Counsel.

B.    GEO be ordered to pay, and judgment entered for, all unpaid overtime wages for Plaintiff and the FLSA Collective, according to proof, pursuant to 29 U.S.C. § 216(b) for GEO's violation of 29 U.S.C. § 207.

C.    GEO be ordered to pay, and judgment be entered for, an equal amount of unpaid overtime compensation as liquidated damages to Plaintiff and the FLSA Collective, according to proof, pursuant to 29 U.S.C. § 216(b) for GEO's violation of 29 U.S.C. § 207.

D.    GEO be ordered to pay, and judgment entered for, all unpaid overtime wages to Plaintiff and the California Class, according to proof, pursuant to Labor Code § 1194 for GEO's violation of Labor Code § 510.

E.    GEO be ordered to pay, and judgment entered for, all unpaid premium wages to Plaintiff and the California Class, according to proof, pursuant to Labor Code § 226.7 for GEO's violation of Labor Code § 226.7.

F.    GEO be ordered to pay, and judgment entered for, Labor Code § 210 statutory penalties to Plaintiff and the California Class, according to proof.

G.    GEO be ordered to pay, and judgment entered for, Labor Code § 226 penalties to Plaintiff and the Wage Statement Subclass, according to proof.

H.    GEO be ordered to pay, and judgment entered for, Labor Code § 203 penalties to Plaintiff and the Waiting Time Subclass, according to proof.

I.      GEO be found to have engaged in unfair competition in violation of Business and Professions Code § 17200 and be ordered to pay restitution to Plaintiff, and each California Class Member, due to GEO's unlawful and unfair competition, including disgorgement of wrongfully obtained profits, and wrongfully withheld wages, according to proof, and interest, under Business and Professions Code §§ 17203 and 17204.

J.      GEO be enjoined from further acts of unfair competition and specifically from failing to pay California Class Members overtime wages.

K.      GEO be ordered to file with the Court and to provide Plaintiff's counsel a list of all names and current (or best known) addresses and emails of all Class Members and for facilitated notice under 29 USC § 216(b).

L.      For an award of a reasonable service award to the named plaintiff DANIEL PEREZ for the time, effort, and risk of protecting the interests of other Class Members.

M.      For an award of attorneys' fees and costs pursuant to statute, including, but not limited to, 29 U.S.C. § 216(b), Labor Code §§ 218.5, 226, 1194, and California Code of Civil Procedure § 1021.5.

N.      For an award of prejudgment interest and post judgment interest;

O.      For any other relief the court deems proper.

Respectfully submitted,

Dated: November 1, 2021

Ferraro Vega Employment Lawyers, Inc. / Rick Waltman Law APC

_Nicholas J. Ferraro_

Nicholas J. Ferraro

Attorneys for Plaintiff Daniel Perez